UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT KELLER, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-06-1494 |
| | § | |
| AT&T, INC. AND SOUTHWESTERN BELL | § | |
| YELLOW PAGES, INC., | § | |
|     *Defendants.* | § | |

## ORDER

This employment dispute is before the court on defendant AT&T, Inc.'s motion to compel (Dkt. 19). Having considered the parties' submissions and the law, the court concludes that AT&T's motion to compel a response to its Interrogatory No. 5 should be granted.[1]

Keller worked as a sales representative selling Yellow Pages advertising from 2003 until September 5, 2006, when he alleges he was constructively discharged. Keller has sued AT&T and Southwestern Bell Yellow Pages for retaliation under the Family Medical Leave Act (FMLA), retaliation and discrimination under the Age Discrimination and Employment Act (ADEA), tortious interference with contract, fraud, and breach of an oral employment contract.

---

[1] The motion is denied as moot to the extent it seeks to compel responses to Interrogatories 2 and 3. *See* Defendant's reply, n.1.

In its Interrogatory No. 5, AT&T requested Keller provide the name and address of all employers for the last 10 years, his title or position with each employer, his rate of pay, the name of his supervisor, the dates of his employment, and his reason for leaving. In response Keller referred to his application for employment with AT&T, and thus apparently has responded to the request as to any employer prior to his employment with AT&T. Keller continues to refuse to provide any information regarding his work or the identity of his employers since leaving AT&T.[2]

Keller is obligated to mitigate his damages related to any discrimination. *West v. Nabors Drilling U.S.A., Inc.*, 330 F.3d 379, 393 (5th Cir. 2003). In order to mitigate, Keller must use "reasonable diligence to obtain substantially equivalent employment." Substantially equivalent employment is that which affords promotional opportunities, compensation, job responsibilities, working conditions, and status as the position from which Keller was allegedly constructively discharged. The burden is on the employer to prove lack of mitigation. *Id.* Interrogatory 5 seeks information clearly relevant to Keller's mitigation of his damages.

Keller claims that defendants previously interfered with his effort to find employment, and he fears that if given the requested information they will interfere with his current

---

[2] In a supplemental response, Keller stated that his current gross pay is $5,000 per month, he receives no benefits of any kind and has no 401(k) plan. He produced one earnings statement from February 15, 2007, redacted to obscure the identity of his employer. Keller also refused at his deposition to answer questions about his post-AT&T/Yellow Pages employment. *See* Dkt. 29.

employment. Keller bases his fear on defendants' EEOC position statement, which indicates that the staffing manager at an affiliated company of defendants' in California deemed Keller ineligible for a transfer to that company based on statements made by Keller's supervisor. Keller argues that this fact creates a "high risk" that defendants will interfere with his current employment.

Keller's position is unpersuasive. The court has no reason to assume that counsel for defendants will act unethically. Defendants are entitled to subpoena records from Keller's employers and likely will do so once they learn the identity of any such employers, but this is not the equivalent of tortious interference with Keller's employment. It is merely a consequence of Keller's decision to pursue litigation. If Keller desires to pursue a claim for economic losses he has incurred since his alleged constructive discharge, he must reveal the identity of his subsequent employers and details about his subsequent employment.[3] Production of one redacted earnings statement is not sufficient. It is therefore

ORDERED that AT&T's motion to compel a complete response to Interrogatory No. 5 is granted. Keller shall respond to Interrogatory 5 on or before August 6, 2007.

Signed at Houston, Texas on July 27, 2007.

Stephen Wm. Smith
United States Magistrate Judge

---

[3] Indeed, failure to do so will likely prevent Keller from being able to present any evidence at trial regarding this element of his claimed damages.